James Ralph **HALFORD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 39087.

Court of Criminal Appeals of Texas.

March 16, 1966.

**340**

Tom Brookman (On Appeal Only), Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Roland H. Hill, Jr., and Truman Power, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

Our prior opinion is withdrawn.

The offense is statutory rape; the punishment, 10 years.

Trial was upon a plea of guilty.

Both appellant and the 14 year old girl, who was not his wife, testified that the act of intercourse occurred, she testifying that it was over her protest, while appellant testified that it was without force.

The court, in his charge, instructed the jury to find appellant guilty and assess his punishment at death or confinement in the penitentiary for life or for some period of years not less than five.

The sole claim for reversal properly before us is predicated upon the refusal of a requested charge which would have instructed the jury:

"In all criminal cases the burden of proof is on the State. You are the exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given to the testimony, but you are bound to receive the law from the Court which is herein given you, and be governed thereby."

Appellant, by his plea of guilty, admitted all of the allegations of the indictment and the evidence raised no defensive issues. On the other hand, the undisputed evidence, including appellant's testimony and his confession, was that he was guilty.

The only issue for the jury being that of punishment, there was no necessity for a charge such as that requested. The authorities cited by appellant relate to cases where the case was submitted to the jury on a plea of not guilty and are not applicable.

The judgment is affirmed and appellant's motion for rehearing is overruled.